United States District Court
Southern District of Texas
**ENTERED**
July 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KRISTAL FREEMAN, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-356 |
| | § § | |
| PROGRESS RESIDENTIAL PROPERTY MANAGER, LLC, | § § § § | |
| Defendant. | § | |

## ORDER

Before the Court are the following motions and requests: (1) Defendant's Opposed Motion to Compel Arbitration and to Stay Plaintiff's Original Complaint (Dkt. 18); (2) Defendant's Opposed Motion to Stay Pending Resolution of Defendant's Motion to Compel Arbitration (Dkt. 29); and (3) Plaintiff's letter outlining the parties' discovery dispute regarding Plaintiff's anticipated class certification motion (Dkt. 32). Based on the pleadings; the motions, response, reply, and sur-reply; the applicable law; and the arguments of counsel, the Court will rule as follows: (1) the motion to compel arbitration is denied; (2) the motion to stay pending resolution of the motion to compel is denied as moot; and (3) the parties are invited to notify the Court of any remaining discovery disputes. The reasons for the ruling are explained below.

Plaintiff Kristal Freeman ("Freeman") brought a claim against Defendant Progress Residential Property Manager, LLC ("Progress") for violating the Fair Labor Standards Act of 1983, 29 U.S.C. §201 *et seq.*, ("FLSA"). Freeman brought her claim individually

and on behalf of a proposed class of similarly situated employees of Progress who were denied overtime wages.

At issue here is the Mutual Agreement to Arbitrate Claims ("MATA") executed between Freeman and Progress. The MATA contained the following provision:

**Requirements for Revocation:**

> This Agreement to arbitrate shall survive the termination of my employment and the expiration of any benefit plan. It can only be revoked by a writing signed by the Company's President/CEO (or, if none, its highest-ranking official), specifically stating an intent to revoke this Agreement.

Dkt. 18-1, pp. 6-9. Freeman argues that the agreement is illusory because Defendant retained unilateral power to terminate the agreement. Freeman further argues that, because the provision is illusory, the MATA is unenforceable. Progress argues that it is the purview of the arbitrator—and not the Court—to decide whether to enforce the MATA.

Arbitration is a matter of contract. Under the FAA:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Under the FAA, a party may apply to a federal court to compel arbitration and to stay the case during arbitration. 9 U.S.C. §§ 3, 4. The Supreme Court views challenges to arbitration agreements as one of two types: (1) specific challenges to the validity of an agreement to arbitrate; and (2) challenges to the contract as a whole, "either on a ground that directly affects the entire agreement ... or on the ground that the

illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). Under Supreme Court precedent, the former may be decided by a court. *Id.* at 444-45, 449. However, the latter must be decided by an arbitrator. *Id.*

Here, the entire contract involves the duty to arbitrate. The Court therefore finds that Freeman challenges the MATA as a whole "on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *See id.* at 444. It is therefore the Court's duty to decide whether the enforcement provision renders the MATA unenforceable. The Court concludes that it does.

The parties agree that Texas law governs. Under Texas law, "an arbitration agreement, like other contracts, must be supported by consideration. *Nelson v. Watch House Int'l, L.L.C.*, 815 F.3d 190, 193 (5th Cir. 2016) (quoting *Mendivil v. Zanios Foods, Inc.*, 357 S.W.3d 827, 831 (Tex. App.—El Paso 2012) (internal quotation marks omitted). While a mutual agreement to arbitrate provides sufficient consideration, "the agreement is illusory where one party has the unrestrained unilateral authority to terminate its obligation to arbitrate." *Id.* (quoting *Mendivil*, 357 S.W.3d at 831) (internal quotation marks omitted).

Here, Progress—and Progress alone—retained the power to revoke the MATA. The MATA's enforcement provision is therefore not supported by consideration and must be considered illusory. Because the enforcement provision is illusory, the Court will not enforce the MATA.

Progress's Motion to Compel Arbitration (Dkt. 18) is therefore **DENIED**. Further, Progress's Motion to Stay the Proceedings Until the Court Rules on its Motion to Compel Arbitration (Dkt. 29) is **DENIED as moot**. The parties shall comply with the Local Rules and Galveston Procedures and notify the Court of any remaining discovery disputes.

SIGNED on July 10, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge